JOSEPH VUONO *v.* ROGER A. ELDRED

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued November 10—decided December 12, 1967

*John P. McKeon,* for the appellant (defendant).

*Thomas J. Capalbo,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action against the defendant, Roger A. Eldred, to recover for personal injuries and property damage arising out of a collision between a car owned and operated by the plaintiff and a car operated by Patricia M. Eldred, who is not a party to this action.

The complaint alleged that the defendant owned the latter car and that the injuries and damage complained of were caused by the negligent operation of the car by Patricia. There was no allegation that Patricia was the agent of the defendant, and the family car doctrine was not pleaded. In his answer, the defendant denied ownership of the vehicle.

At the conclusion of the evidence, the jury, at the direction of the court, returned a verdict for the defendant. The plaintiff thereupon moved to set aside the verdict. The court granted the motion and set aside the verdict. From this decision, the defendant has appealed to us.

"Although a directed verdict is not favored, it is justified if on the evidence the jury could not reasonably and legally reach any other conclusion than that embodied in the verdict as directed." *McDonald* v. *Connecticut Co.,* 151 Conn. 14, 17, 193 A.2d 490; *White* v. *E & F Construction Co.,* 151 Conn. 110, 112, 193 A.2d 716; *Johnson* v. *Consolidated Industries, Inc.,* 153 Conn. 522, 524, 218 A.2d 380. In reviewing the action of the trial court, in first directing and thereafter setting aside the verdict, we consider the evidence in the light most favorable to the plaintiff. *Johnson* v. *Consolidated Industries, Inc.,* supra.

Since the action of the trial court in setting aside a verdict involves the exercise of a broad legal discretion, it will not be disturbed unless that discretion has been abused. *Brooks* v. *Singer,* 147 Conn. 719, 158 A.2d 745; *Butler* v. *Steck,* 146 Conn. 114, 117, 148 A.2d 246. An examination of the appendices discloses that no evidence was presented to establish that the defendant was the owner of the automobile. Furthermore, there was no allegation and no evidence that Patricia M. Eldred was the agent

of the defendant. Consequently, there was nothing on which a verdict for the plaintiff could be predicated.

There is error, and the case is remanded with direction to render judgment on the verdict.