[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON LEVY DRONEY AND VITALE'S MOTION FOR SUMMARY JUDGMENT #1
On August 20, 1999, defendants Levy Droney, P.C. and Joseph Vitale filed their reply brief concerning the first of their thirteen motions for summary judgment and requested oral argument, which took place on September 7, 1999. Their motion, which was filed on June 4, 1999, appears in some instances to refer to numbering or titles of counts from versions of the complaint other than the Amended Revised Complaint dated July 22, 1999. The court has endeavored to apply the substance of the motion to the counts in the July version of the complaint.
Levy and Droney, P.C. ("Levy") is a law firm that the plaintiffs allege is liable in connection with their loss or feared loss of deposit fees paid when each plaintiff signed a contract to enter into a continuing care residential facility known as East Hill Woods. The plaintiffs allege that Joseph Vitale, a lawyer in the Levy law firm, was also an officer and member of the board of trustees of East Hill Woods and is liable to them in both capacities as well..
The court has determined that it will try this case starting with the trial of seven plaintiffs selected by plaintiffs' counsel. These seven "vanguard" plaintiffs are Ruth Dudrow, Robert Bachrach, Sylvia Rosh, Tatiana Pollock, Marion Morley, Eugene Cederbaum, executor of the estate of Zelda Cederbaum, and Dora Massoff. Levy's Motion for Summary Judgment #1 is directed only at the claims of these seven plaintiffs.
The text of this motion stated that it is directed against the following claims:
• Negligence (Counts 59-63);
• Negligent Misrepresentation (based upon affirmative representation) (Counts 71, 72, 75, 76, 79, 80, 83. and 84);
• Violations of the Connecticut Unfair Trade Practices Act (Counts 120-124);
• Breach of third-party beneficiary contract (Counts 53-57);
• Misrepresentation (based upon nondisclosure) (Counts 67-70, 73, 74, 77, 78, 81, and 82);
• Breach of Fiduciary Duty (Counts 47-51); and CT Page 12838
• All claims brought pursuant to Restatement (Second) of Torts 876(c), as set forth in the following counts:
 • Aiding and Abetting Violations of Conn. Gen. Stat. ** 17b-520 Through 17b-535 (Counts 15-24);
 • Aiding and Abetting Breach of Fiduciary Duty (Counts 97-101):
 • Aiding and Abetting Intentional Misrepresentation (Counts 87-95); and
 • Aiding and Abetting Negligent Misrepresentation (Counts 104-112)
At oral argument, the movants by counsel stated that the motion does not apply to claims of fraudulent or intentional misrepresentation.
The movants assert three grounds for summary judgment in their favor:
 1. They cannot be held liable to the plaintiffs in any of the counts sounding in negligence because as a matter of public policy they owed no duty to the plaintiffs.
 2. They cannot be found liable for a violation of CUTPA because this statute does not apply to the nonentrepreneurial aspects of law practice.
 3. As a matter of law, the plaintiffs are not third-party beneficiaries of their contract to represent East Hill Woods, Inc.
Summary of claims
The plaintiffs allege in their 331-page, 157-count Amended Revised Complaint, dated July 22, 1999, that East Hill Woods hired Levy and Vitale to assist in the preperation of the disclosure statement which the Continuing Care Act required East Hill Woods to provide to each person before he or she entered into a contract with East Hill Woods for entry into the residential continuing care facility. They also allege that these defendants advised East Hill Woods concerning the preparation of a bond offering to raise funds for development of that facility. CT Page 12839
The plaintiffs allege that Vitale was both the attorney at Levy Droney who performed much of the legal work for East Hill Woods and that he was also an officer and member of the board of trustees of East Hill Woods.
The gravamen of the complaint against Levy Droney and against Vitale in his role as a lawyer and East Hill Woods in preparing financial disclosure statements that were misleading and/or not in compliance with the Continuing Care Act, is that they counseled East Hill Woods to the effect that such disclosures could be used in marketing to prospective residents and failed to issue corrected disclosures to the plaintiffs after the then-named Connecticut Department on Aging rejected one version and failed to inform the plaintiffs of the true financial condition of East Hill Woods.
The plaintiffs allege that the lawyers aided and abetted East Hill Woods in violating the Continuing Care Act, made negligent representations to the plaintiffs, breached fiduciary duties to them as lawyers, violated the Connecticut Unfair Trade Practices Act, aided and abetted East Hill Woods in its violation of its duties to the plaintiffs, and breached its obligation to the plaintiffs as third party beneficiaries of the contract by which they agreed to serve as legal counsel to East Hill Woods.
The plaintiffs have alleged that in addition to serving as legal counsel to East Hill Woods, Joseph Vitale was a member of the board of trustees of East Hill Woods, Inc., a nonprofit corporation, and that he breached duties he owed to the plaintiffs in that capacity.
Standard of Review
"Summary judgement shall rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Practice Book * 384 [now * 17-49]. Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481,697 A.2d 71 (1997). (Internal quotation marks omitted.) Nicholsv. Lighthouse Restaurant, Inc., 246 Conn. 156, 163, 716 A.2d 71
(1998)." Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714
(1999) CT Page 12840
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. DoubleA. Transportation, Inc., supra, 248 Conn. 24.
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1998); Telesco v Telesco, 187 Conn. 715, 718
(1982).
Claims against Joseph Vitale as Officer and Trustee
The plaintiffs allege both that Joseph Vitale was the lawyer at Levy Droney who represented East Hill Woods and that he was an officer of the board of trustees of East Hill Woods, Inc.:
 The defendant, Joseph A. Vitale ("Vitale") is an attorney with Levy Droney, and was, at all times relevant hereto, the President and/or secretary of East Hill Woods, Inc. Board of Trustees, and the attorney at Levy Droney primarily responsible for representing East Hill Woods, Inc. Amended Revised Complaint, paragraph 175.
Though they did not separate into different counts their claims against the defendant in these two different capacities, they have alleged that he acted in both capacities, and this court must therefore analyze his motion for summary judgment as it relates to the plaintiffs' various claims of breach of duty based on each of his roles. CT Page 12841
In each count at issue in this motion, the plaintiffs each list Vitale as a defendant to whom the claim is addressed or allege misfeasance against "the defendants." Vitale is mistaken in his assumption that he has been sued only in his capacity as an attorney for East Hill Woods and that only his duties as a lawyer are at issue. The plaintiffs clearly alleged that he had two capacities and that he breached duties to them, with no suggestion that the claims were limited to only one of his capacities.
Vitale notes that some of the allegations of the complaint contain references to the retention of Levy Droney and of Vitale by East Hill Woods as lawyers. Such references by no means limit the plaintiffs' additional claims that Vitale failed to supply them with information or failed to fulfill duties to them. Vitale's view that the plaintiffs have made no claim based on his corporate position does not proceed from a fair reading of the complaint, which does not on its face limit the plaintiffs' claims to one of his capacities or the other. This court finds that the plaintiffs' claims against Vitale are made against him in both his roles, as lawyer and as officer and trustee. The only grounds raised in this motion for summary judgment relate to his liability as counsel to East Hill Woods. With regard to the claims against Vitale arising from his officer and trustee capacities, the only issue raised is the argument that Levy 
Droney is not vicariously liable for the actions of the lawyers it employs in roles other than as members of the law firm.
The plaintiffs have not directed this court to any paragraph in their voluminous complaint in which they allege that Levy 
Droney is liable for the alleged misdeeds of Vitale in his capacity as a trustee of East Hill Woods. In their one-paragraph discussion of his position on page 36 of their brief, the plaintiffs commingle observations concerning a law firm's liability for the legal services performed by firm members with claims concerning the very different matter of a law firm's liability for the alleged misdeeds of a client. A directed verdict would be warranted on the latter claim as a matter of law if indeed the complaint contained such a claim..
The motion for summary judgment is denied with regard to claims made against Vitale in his actions as an officer and trustee of East Hill Woods. CT Page 12842
Claims against Levy Droney and Joseph Vitale as legal counsel
The plaintiffs allege in their complaint that Vitale and his law firm, Levy Droney P.C., were attorneys rendering legal services for East Hill Woods, Inc. None of the plaintiffs has alleged that he or she engaged these defendants to perform legal services, nor do any of the seven vanguard plaintiffs allege that there is a genuine factual dispute as to the scope of the duties of the lawyers for East Hill Woods. The undisputed facts are to the effect that Levy Droney and Vitale were retained not by any of the plaintiffs but by East Hill Woods. The movants take the position that they had no duty of care with regard to the plaintiffs and cannot be liable on any of the claims of negligence, aiding or abetting or breach of fiduciary duty.
As the Connecticut Supreme Court has explained, "the test for the existence of a duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." Mendillo v. Board ofEducation, 246 Conn. 456, 483-84 (1998); Lodge v. Arett SalesCorp., 246 Conn. 563, 572 (1998).
It is not necessary to dissect the issue of forseeability because public policy disfavors the proposition that a lawyer has a duty of care that requires him or her to act in the best interest not only of his or her client, but on behalf of the persons with whom the client enters into contracts.
The plaintiffs allege, in effect, that when Levy Droney and Vitale were acting as counsel to East Hill Woods in preparing disclosure statements and otherwise, they had a duty to act in the best interests of the plaintiffs with regard to the contents of the disclosure statements and with regard to provision of information concerning the financial condition of East Hill Woods as it developed.
In Krawczyk v. Stingle, 208 Conn. 239, 245 (1988), the Connecticut Supreme Court stated that "[d]etermining when attorneys should be liable to parties with whom they are not in privity is a question of public policy." The Court noted that CT Page 12843 "[c]ourts have refrained from imposing liability when such liability had the potential of interfering with the ethical obligations owed by an attorney to his or her client. Krawczyk v.Stingle, supra, 208 Conn. 246.
Finding that "[a] central dimension of the attorney-client relationship is the attorney's duty of `[e]ntire devotion to the interest of the client,' the Court found in Krawczyk that an attorney hired to prepare estate planning documents for a client did not have a duty to avoid delay for the benefit of the announced beneficiary. Id. The Court reasoned that while the beneficiary may have an interest in quick completion of trust document's, the lawyer's actual client might have conflicting interests in wanting to consider the matter at leisure and to take time to understand fully the documents prepared. Id. SeeJackson v. R.G. Whipple, Inc., 225 Conn. 705, 727-28 (1993); andMozzochi v. Beck, 204 Conn. 490, 495 (1987) (confirming that a central dimension of the attorney-client relationship is the attorney's duty of entire devotion to the interest of the client, undiluted by fear of the attorney's own liability to third parties).
The plaintiffs take the position that in preparing statutorily-required disclosure statements, there is no conflict between an attorney's duty to his client and his alleged responsibility to others who will receive and rely on the disclosure. They liken the situation to the opinion letter at issue in Westport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 497-98 (1982). In that case, a lawyer provided an opinion letter on the state of title to a property to both the lender and the borrower. The Supreme Court ruled that the lender, who had not been the first party to engage the lawyer, had a claim against him for negligence. The plaintiffs read this case broadly as finding that no public policy issue exists where both parties have the same interest in an accurate report. The ruling is not, in fact, so broad.
The Supreme Court in Westport Bank was careful to note that the complaint alleged that the lawyer had contracted to act on behalf of the borrower and that it could be construed to assert that the borrower had consented to having the lawyer represent the bank as well. Westbrook Bank Trust Co. v. Corcoran. Mallin Aresco, supra, 221 Conn. 494, n5, 496. In fact, Justice Borden referred at page 491 to the plaintiff as suing "its attorney." CT Page 12844
The seven plaintiffs have conceded in their responses to discovery that they did not retain Levy or Vitale as counsel in connection with their transactions with East Hill Woods or for any other matter. They allege no consent by East Hill Woods to have its counsel act on behalf of those who contemplated transactions with East Hill Woods, nor do any of their factual submissions support any inference that Levy and Vitale had agreed to supply them with information concerning the client East Hill Woods or to protect them from any failure of East Hill Woods to provide them with information.
While the plaintiffs have cited some cases in which a duty of care was found to exist to a non-client because that non-client's interest was identical to that of the client, such is not the case in the situations alleged. East Hill Woods had the goal of providing information sufficient to comply with the Continuing Care Act. As a business that wanted to continue to function, it also had a goal of preserving the confidentiality of its financial data over the years to enhance its prospects of attracting more residents to meet the level of occupancy that would make the project financially secure.
The plaintiffs had the conflicting goal of knowing of the slightest risk and of emphasis on worse-case scenarios so that they would reduce the prospect of loss in committing themselves to residence in the facility.
The interest of parties with a statutory obligation to provide a disclosure is to not provide the gloomiest prognostications that a wary receiver of the disclosure might care to receive. The Continuing Care Act itself negates the inference that the lawyer for the facility acts as counsel to the prospective resident: one of the required disclosures is a notice that a prospective resident "is advised to consult an attorney or other professional experienced in matters relating to investments in continuing care facilities before he signs a contract for continuing care." Conn. Gen. Stat. * 17b-522 (a)(3).
The plaintiffs' claims other than those related to the contents of the disclosures they received before entering into contracts with East Hill Woods, the so-called post-execution torts, are claims that the lawyers for East Hill Woods should have advised the plaintiffs of the failure of East Hill Woods to meet projections and its difficulties obtaining refinancing. To have done so would have been to violate the lawyer's duty of CT Page 12845 loyalty to the client, jeopardizing it by exposing it to negative reports in the market of additional prospective residents whose occupancy would have improved the finances of the facility. The inescapable logic of the plaintiffs' claim is that the lawyers had a responsibility to act for their benefit in a way that would have hastened the bankruptcy of the lawyers' client, East Hill Woods. It is impossible to see how the defendant lawyers could have fulfilled their duty of loyalty to East Hill Woods while simultaneously engaging in the acts that the plaintiffs assert were necessary to discharge a duty of care to the plaintiffs.
The plaintiffs invoke several provisions of the Restatement of the Law Governing Lawyers (1999). The Connecticut Supreme Court has relied on a 1996 proposed final draft of this Restatement in Shew v. Freedom of Information Commission,245 Conn. 149, 158-59 n. 11 (1998).
The cited provisions are not, however, applicable to the situation at hand as indicated by the submissions of the parties. Section 73 of this Restatement applies where the lawyer or the client invite a non-client to rely on the lawyer's opinion and the non-client so relies, where the client is a trustee or fiduciary for the non-client, or where the client intends a benefit to the non-client as a primary objective of the representation.
The disclosure statements at issue were prepared as a general matter of compliance with the Continuing Care Act, not with any of the seven individual, plaintiffs in mind. The vanguard plaintiffs admitted in their depositions that they either did not know who the attorneys for East Hill Woods were, or knew they were the attorneys for East Hill Woods and that they never spoke to them nor received any communication from them. (Bachrach Dep. p. 224-25; Cederbaum Dep. pp. 473-78; Rosh Dep. p. 69-65; Pollock dep. 117-19; Kruger Dep. 33-34, 101-102, Morley Dep. p. 54-55; Dudrow Dep. 62-64, 306-307. The undisputed facts demonstrate that the lawyers' work for East Hill Woods was not done for the benefit of the plaintiffs.
The provisions of the Continuing Care Act do not impose on continuing care providers the status of fiduciary for those who contract for services, but rather treat them as contracting parties who must comply with certain disclosure requirements before entering into a contract with any resident, including advising prospective residents to consult their own attorneys. CT Page 12846 Conn. Gen. Stat. * 17b-520-531. The statute does not, in any of its provisions, refer to providers as trustees for residents or fiduciaries for them, but subjects their arm's length transaction to regulation in the form of a required disclosure.
The court finds that even if Connecticut were to adopt as the public policy of this state the cited provisions of the Restatement of the Law Governing Lawyers, the relevant facts and legal provisions do not bring the plaintiffs' claims within the scope of those provisions.
CUTPA Claims Based on Negligent Conduct of Lawyers
Defendants Levy and Vitale have moved for summary judgment on the seven plaintiffs' claims that their alleged negligent actions and alleged breaches of duty of care toward the plaintiffs constituted violations of the Connecticut Unfair Trade Practices Act.
In addition to the reasoning set forth above and in the September 14, 1999 ruling on the motion for summary judgment filed by Ernst Young, this Court finds that the obligation of lawyers to act with undivided loyalty to their clients defeats any construction of CUTPA to require service to the interest of the plaintiffs as non-clients in regard to dealings with East Hill Woods.
This Court has ruled on the scope of CUTPA coverage in the context of professional services in deciding the Motion for Summary Judgment of Defendant Ernst Young, LLP. The court adopts that analysis with regard to the claim against Levy and against Vitale in his capacity as a lawyer for East Hill Woods; that is, the motion is granted as to CUTPA claims based on negligence but is denied as to CUTPA claims based on alleged intentional misrepresentation, since the latter conduct is properly characterized as entrepreneurial rather than professional.
Third Party Beneficiary
The plaintiffs claim that in rendering legal services to East Hill Woods the lawyers assumed the obligation to comply with the Continuing Care Act that the act imposes only on "providers". The movants have not shown what the facts are with respect to the scope of their undertaking. Their retainer agreement with East CT Page 12847 Hill Woods was not submitted. The court has no basis to find that the contracting parties did not intend to create a direct obligation to the seven plaintiffs or third parties, the standard adopted by the Supreme Court in Gateway Co. v. DiNoia,232 Conn. 223, 231-32 (1995); Knapp v. New Haven Road Construction Co.,150 Conn. 321, 325 (1963). Without evidence of the content of what the movants agreed to do, the court would merely be acting on assumptions, not on the basis of the legal consequences of undisputed material facts. While it may be unusual for a lawyer or law firm to agree to perform all the duties of a client in a particular setting, it is not inconceivable. The movants ask the court merely to speculate what the scope of this undertaking was, without providing a retainer agreement or affidavits.
On the record submitted, this court has no basis to conclude that the movants did not assume a direct obligation to the plaintiffs with regard to preparation of the disclosure agreements.
Summary judgment is denied as to the seven plaintiffs' claims in Counts 53-57.
Claims of Fiduciary Duties of Lawyers
The seven plaintiffs have, in their depositions, denied any contact with or reliance on Levy or Vitale as lawyers for East Hill Woods. They do not claim that they had any experience with the movants by which the movants agreed to act on their behalf or in their interest as in Alaimo v. Royer, 188 Conn. 36, 40-41
(1982). Their claim that these defendants owed them a fiduciary duty as lawyers is a legal conclusion about the duties owed by lawyers for one party, East Hill Woods, to the persons with whom that party contracts. The plaintiffs assert neither facts supporting the existence of a fiduciary relationship of East Hill Woods' lawyers to the plaintiffs nor any disputed facts on the subject. As a matter of law, for the reasons set forth in the movants brief, no fiduciary relationship to the plaintiffs was created by the attorney-client relationship of Levy and Vitale and East Hill Woods.
Defendant Vitale has not moved for summary judgment on the claim that he owed fiduciary duties to the plaintiffs in his role as an officer and trustee of East Hill Woods, and this court does not therefore rule on that issue. CT Page 12848
Failure to Advise Plaintiffs after Execution of Contracts
In Counts 28-31, 34, 35, 38, 39, 42, and 43 and in counts 67-70, 73, 74, 77, 78, 81 and 82, the seven plaintiffs allege that they have causes of action against East Hill Woods' lawyers for failing to report to them "the true financial condition of East Hill Woods." Amended Revised Complaint, Count 28, paragraph 331. While the plaintiffs have titled these counts as sounding in intentional nondisclosure and negligent nondisclosure, the basic theory is that the movants, in their role as lawyers for East Hill Woods, had obligations to advise the plaintiffs and to correct any misimpressions created by their client in the disclosure statements that the facility was required to furnish before a prospective resident executed a continuing care contract. As this court has ruled, it is the "provider" of continuing care services who has the duty to provide the disclosure required by the Continuing Care Act. See Conn. Gen. Stat. 17b-522 ("Before the execution of a contract to provide continuing care, or before the transfer of any money or other property to a provider by or on behalf of a prospective resident, whichever shall occur first, the provider shall deliver to the person with whom the contract is to be entered into, or to that person's legal representative the information required by the Act").
Like many of the other counts discussed above, these counts rest on the legal claim that the movants assumed duties to act on behalf of the plaintiffs. The materials supplied support no such conclusion, nor do the legal sources of duty invoked by the plaintiff. The Continuing Care Act imposes duties of disclosure only on the "provider" of services, defined in the Act as an entity "undertaking to furnish shelter and medical or nursing services or other health-related benefits pursuant to a continuing-care contract." Conn. Gen. Stat. * 17b-520 (d). The plaintiffs have not alleged any facts that would support the conclusion that the lawyers for the facility are "providers."
None of the seven plaintiffs claims to have retained the movants as legal counsel. Their claims are based not on any facts concerning the direct assumption of a duty to them but on the legal conclusion that a lawyer who represents a client assumes a duty to provide information to the persons with whom that party contracts. As has been discussed above, such an interpretation is at odds with the principle that a lawyer owes undivided loyalty to the party he or she represents. CT Page 12849
The motion for summary judgment is granted as to the seven plaintiffs' claims in these counts against Levy and as to Vitale in his capacity as legal counsel. The scope of Vitale's duties to the plaintiffs as an officer and trustee of East Hill Woods has not been demonstrated, and the court has no basis for determining what his duties or conduct were in this regard, nor has he briefed any claim that he lacked obligations to the plaintiffs in these capacities. Vitale's motion and brief are addressed to the limited role of legal counsel and do not challenge claims made against him in his role as a trustee and officer of East Hill Woods.
Breach of Fiduciary Duty
The seven plaintiffs allege that the lawyers for East Hill Woods had fiduciary duties to the plaintiffs. The materials submitted negate any factual basis for finding such a relationship, and given the duties of undivided loyalty that counsel owe to a client, there is no legal basis for construing the existence of a fiduciary relationship with persons with whom a client enters contracts, as has been discussed above.
The motion is granted as to the claims made in Counts 47-51
against Levy and against Vitale as counsel to East Hill Woods. The motion is not addressed to the duties of Vitale to the plaintiffs as an officer and trustee, and those claims remain.
Aiding and Abetting (Counts 14-24, 87-95, 97-101, 104-112)
The seven plaintiffs allege in these counts that East Hill Woods breached obligations to them and that Levy and Vitale aided and abetted them in their actions as legal counsel and are therefore liable to the plaintiffs. This court granted motions to strike claims of aiding and abetting in these counts where the plaintiffs failed to plead scienter. (Memorandum of Decision on Motions to Strike, Nov. 4, 1998). The plaintiffs repleaded, alleging that the movants knew that East Hill Woods was violating various duties. The movants quote allegations that are in fact not contained in the July 22, 1999 version of the complaint. The movants take the position that the plaintiffs are relying only on the formulation of liability for aiding and abetting set forth in the Restatement (Second) of Torts * 876(c) rather than on the formulation in * 876(b). There is no basis for this assumption that can be derived from the text of these counts, and the CT Page 12850 movants have stated in a footnote at page 37 of their brief that "(t)he merits of plaintiffs' * 876(b) claims are not at issue in this motion."
The movants have failed to demonstrate in connection with this motion what the facts are with respect to the claims made in these counts, and they have failed to show that the claims do not state a cognizable cause of action. The motion is denied as to these counts.
Conclusion
The motion of Levy Droney, P.C. for summary judgment and of Joseph Vitale as to claims arising from his alleged duties as a lawyer representing East Hill Woods is granted as to the claims of plaintiffs Dudrow, Bachrach, Rosh, Pollock, Morley, Cederbaum, and Massoff in Counts 59-63, 67-70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83 and 84,
The motion is not directed to the seven plaintiffs' claims against defendant Vitale arising from alleged obligations that he had to them as an officer and trustee of East Hill Woods, and those claims are not adjudicated in this ruling.
The motion is not directed to the seven plaintiffs' claims of intentional misrepresentation (appearing in Counts 32, 33, 36, 37, 40, 41, 44 and 45) and those claims are not adjudicated in this ruling.
The motion is denied as to claims of third party beneficiary status in Counts 53-57.
The motion is granted as to claims of breach of fiduciary duty in Counts 47-51 based on the movants' obligation to provide legal services to East Hill Woods, but not as to any obligation assumed by defendant Vitale as an officer or trustee.
The motion is granted as to claims of violation of CUTPA (Counts 120-124) arising from provision of legal services where such claims are based on theories of negligence, but not where they are based on allegations of intentional wrongdoing. This ruling does not affect CUTPA claims against defendant Vitale for conduct not arising from his provision of legal services.
The motion is denied as to the claims against Levy and CT Page 12851 against Vitale in all his alleged capacities for aiding and abetting in Counts 15-24; 87-95, 97-101, and 104-112.
Beverly J. Hodgson Judge of the Superior Court