[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT THOMAS J. RYAN III
Defendant Thomas J. Ryan III has moved for summary judgment on each of the four counts in the above-captioned case that are directed against him, Counts Two, Three, Seven, and Eight. The movant claims that all four counts are barred by the statutes of limitation that he claims are applicable and that none states a cause of action against him. Defendant Ryan raised the statute of limitation as his second special defense. The plaintiff denied that defense and did not affirmatively plead any doctrine in arrest of the statute of limitation.
 Standard of review
"Summary judgment shall rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 348 [now § 17-49]. Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999); Peerless Ins. Co. v. Gonzalez,241 Conn. 476, 481 (1997). . . . Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163, 716 A.2d 71 (1998)." (Internal quotation marks omitted.) Alvarez v. New Haven Register. Inc.,249 Conn. 709, 714 (1999). See also Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double ATransportation. Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of CT Page 3957 any genuine issue of material fact." Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital,
supra, 252 Conn. 201; Serrano v. Burns, 248 Conn. 419, 424
(1999); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380 (1969); Vuonov. Eldred, 155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1998); Telesco v Telesco, 187 Conn. 715, 718
(1982).
Count Two
1. Statute of limitation
In the second count of her second amended complaint, the plaintiff, Linda Palmer, alleges that she was engaged between 1985 and 1987 in buying, renovating, managing and selling real estate and that defendant John Claydon, an attorney, conducted real estate closings on her behalf during this time period. She alleges that Claydon contracted with Ryan, also an attorney, to perform some tasks and to represent the plaintiffs interests in some real estate transactions.
The plaintiff has withdrawn her claims against Claydon as part of a settlement, and only the allegations against defendant Ryan remain in Count Two. With regard to defendant Ryan, the plaintiff has alleged at paragraph 39 of her Second Amended Complaint that she was not aware that Claydon had contracted with Ryan to act on her behalf. She alleges that defendant Ryan breached his agreement to perform legal services for her by failing to perform the services. The movant characterizes these claims as claims of professional negligence and seeks summary judgment on the ground that the complaint was brought more than three years after the CT Page 3958 services were performed. The plaintiff characterizes her claims as sounding in breach of contract. The central allegation against Ryan in this count is as follows:
 41. Defendants Claydon and Ryan breached their agreements to perform legal services for plaintiff in connection with these closings in that:
 (A) they agreed to represent the purchasers of the property in question, even though the interest of those purchasers conflicted with those of the plaintiff,
 (B) they failed to document the transaction to properly reflect that the plaintiff was selling the properties in question to the purchasers;
 (C) they failed to arrange for proper closings of the transactions to assure all parties new [sic] and understood the terms of the transactions;
 (D) they failed to advise plaintiff that there was any conflict or appearance of a conflict in her selling real estate to a client; and
 (E) they failed to make full disclosures of the terms of the transactions to the purchasers and/or failed to obtain acknowledgments of such disclosures and waivers of any conflicts.
The plaintiff further alleges that as a result of "defendants' breaches of their agreement to provide legal services for the plaintiff in connection with her sale of real estate," several purchasers sued her alleging that she had failed to disclose that she was the seller of the property they purchased, and that they were represented by Claydon. She claims that the plaintiffs were able to succeed on their claims because the closing documents identified Ryan as the seller and because of irregularities in the way the defendants conducted the closings.
The movant asserts that the claim against him in this count is a claim of negligence in the performance of professional services and that the claim is barred because more than three years elapsed between the last date of services, May 30, 1987, and the date the plaintiff commenced her suit against him, February 25, 1991. The movant invokes Conn. Gen Stat. § 52-577, which CT Page 3959 provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
The plaintiff characterizes her claim against Ryan as a claim for breach of contract and takes the position that the six-year statute for breach of a written contract applies.
The plaintiff claims that because Ryan entered into an agreement to perform services on her behalf, she may enforce the contract. In her complaint the plaintiff has not alleged whether the contract between Claydon and Ryan for any services to be performed on her behalf was in writing, and the submissions of the parties do not establish what the facts are in this regard. At his deposition, Ryan stated that he was representing the plaintiff in several transactions.
The plaintiff correctly notes in her brief that the appellate courts have ruled that a failure of an attorney to perform the legal services he has agreed to perform may be maintained as a contract action rather than as a tort action. Stowe v. Smith,184 Conn. 194, 199 (1981); Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525 (1989), cert. denied, 212 Conn. 807 (1989).
The movant has failed to show what the undisputed facts are with regard to the existence of contractual obligations owed to the plaintiff He is therefore not entitled to summary judgment on his statute of limitation defense to this count.
2. Double recovery
The movant claims that the plaintiff has settled her claim against Claydon, and that any recovery against him would result in double damages for the same losses. The movant has submitted no documents or other material in support of his motion that would establish this conclusion to be a matter of undisputed fact. The court cannot ascertain from his submissions either the amount of the plaintiffs loss or the amount of compensation received, and there is therefore no basis to reach the conclusion urged by the movant.
Count Three
In this count, the plaintiff asserts that defendant Ryan is liable to her for damages caused by a civil conspiracy. While the CT Page 3960 movant expresses doubt in his brief that the plaintiff has adequately pleaded such a cause of action, the ground stated in his motion for summary judgment is limited to a claim that the statute of limitation has expired. He asserts that the three-year limitation period specified for tort claims by Conn. Gen. Stat. § 52-577 applies.
The plaintiff agrees that § 52-577 applies, but asserts that the acts that are alleged to constitute the tortious conspiracy occurred "after plaintiff was sued by Messrs. Wade and Bernath." (Second Amended Complaint, para. 47.) The dates of the activities alleged to constitute a tortious conspiracy are not identified in the complaint. The movant has submitted no materials to establish that all facts claimed to give rise to this claim occurred more than three years before the commencement of suit on February 25, 1991.
The movant has failed to establish what the facts are with respect to its limitation defense, and summary judgment must be denied.
Count Seven
In this count, the plaintiff seeks an accounting by defendant-Ryan for funds collected by him or held by him on her behalf from the real estate transactions at issue and "a return of funds wrongfully withheld." The first ground asserted for granting judgment in his favor on this claim is the movant's assertion that the plaintiff lacks a factual basis for this claim.
Reading the complaint in the manner required by the standard of review, the court finds that the plaintiff has alleged that the movant was engaged in receiving money in transactions involving her property and that he retained some money without her consent. Defendant Ryan has not submitted materials that establish the absence of any material issue of fact on this issue, and he has failed to show that he is entitled to summary judgment as a matter of law.
The movant further asserts that the action for an accounting is barred by the statute of limitations. Though Ryan asserts that the limitations period runs from the date that he alleges was the final date for rendering legal services, May 1987, he has submitted nothing to establish this date as a matter of CT Page 3961 undisputed fact. Moreover, the plaintiffs claim is that he has continued to refuse to provide her with an accounting of the disposition of monies collected in her transactions. It appears that the conduct alleged is of a continuing nature relating, allegedly, to continuing obligations to act on the plaintiffs behalf. In such circumstances, the statute of limitation runs from the most recent act in such a course of conduct. Witt v. St.Vincent's Medical Center, 252 Conn. 363 (2000); Sherwood v.Danbury Hospital, supra, 252 Conn. 202-203 (2000).
Count 8
In this count of the second amended complaint, the plaintiff alleges that the actions of defendant Ryan described in prior counts constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"). As the movant correctly observes, CUTPA has been held to apply only to the business practices of attorneys and doctors, not to the quality of their professional services. Haynes v. Yale-NewHaven Hospital, 243 Conn. 17, 34 (1997); Beverly Hills Concepts,Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79
(1998). The plaintiff is entitled to judgment on those claims of failure to meet professional standards that do not relate to the business or entrepreneurial practices of defendant Ryan.
The conduct that the plaintiff claims as a CUTPA violation includes, however, the allegation that defendant Ryan retained money from closings involving the plaintiffs property and that she had not agreed to such payments to him. This claim relates to business or entrepreneurial conduct of the defendant, not to the quality of services provided.
The movant also asserts that the events at issue in the CUTPA claim are barred by the three year statute of limitations made applicable to such claims by Conn. Gen. Stat. § 42-110g(f). Again, the movant has failed to establish what the facts are with regard to the date on which the last conduct complained of occurred.
Conclusion
Defendant Ryan's motion for summary judgment as to the claims in Count Eight is granted with regard to those claims of violation of the CUTPA that are based on alleged failures to comply with professional standards in the performance of legal CT Page 3962 representation. It is denied with regard to allegations of unfair business practices with regard to retention of fees and failure to report monies retained. The motion is denied as to the claims made in Counts Two, Three and Seven of the Second Amended Complaint.
Beverly J. Hodgson, Judge of the Superior Court