[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment on the ground that the oral joint venture agreement on which the plaintiffs base their claim for CT Page 7808 a share of profits from a public housing complex is unenforceable because it violates public policy. Plaintiffs Laljeebhai R. Patel and Capital Development Group, LLC claim that they furnished expertise and services that resulted in the defendants, Dilip Barot and Creative Choice Homes, Inc. and CCH Bridgeport, LLC, obtaining a contract with the Bridgeport Housing Authority to build public housing units to replace the complex known as Father Panik Village (the "Father Panik Village Housing Replacement Project"). The first count of the revised complaint alleges breach of an oral contract to pay a share of the profits to the plaintiffs; and the second count alleges that the plaintiffs are entitled to compensation for their services under principles of quantum merit.
The defendants assert that they are entitled to summary judgment because the alleged contract violates public policy and is therefore void and unenforceable.
Standard of review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 [now § 17-49].Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997). Nichols v.Lighthouse Restaurant, Inc., 246 Conn. 156, 163, 716 A.2d 71 (1998)." (Internal quotation marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); see also, Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000); Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-247 (1990). In Connecticut, a directed verdict may be rendered only CT Page 7809 if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Unenforceability
The material facts relevant to this motion concern the extent of the plaintiffs' role in the project both before or after the defendants were selected as the successful applicant, and whether the plaintiffs' participation was disclosed to the Bridgeport Housing Authority. The plaintiffs do not dispute that their identity and their participation were not disclosed in writing to the Bridgeport Housing Authority.
The legal issues are whether such disclosure was required by any provision of law or public policy, and whether, if it was, failure to disclose deprives the plaintiffs of their causes of action for compensation. The defendants take the position that even if the facts with regard to the plaintiffs' involvement are as set forth in the complaint, the alleged contract is unenforceable as a matter of law, and that the claim for quantum merit is also unenforceable because equity bars recovery on an illegal arrangement.
In the first brief they filed in support of this motion, the defendants asserted that 24 C.F.R. § 200.218 required all principals in contracts of various kinds, including contracts to develop public housing projects, to file disclosures concerning their previous participation in such projects. The plaintiffs concede that they had participated in public housing developments prior to their alleged involvement in the Father Panik Village Replacement Housing Project; however, they deny that the disclosure requirement applied to the Father Panik Village Replacement Housing Project.
The disclosure requirement cited by the defendants applies to those transactions or entities listed at 24 C.F.R. § 200.213, which is titled "Applicability of procedure." That section was amended, effective August 10, 1995, to exclude from the requirements of § 200.218 principals of "(d) Public Housing projects financed or to be financed or modernized under the United States Housing Act of 1937." The defendants do not claim that any other subsection of § 200.213 makes the CT Page 7810 disclosure requirement applicable to the contract at issue, which was entered into in November 1995, after the amendment took effect. Accordingly, the disclosure requirement on which the defendants rely did not apply to the transaction at issue.
Though the defendants have not conceded that the regulation on which they relied for their claim of illegality was not in effect at the time at issue, it appears to the court that such is the case.
In their reply briefs, the defendants urge that even if24 C.F.R. § 200.218
is not applicable, the court should find the plaintiffs' claims unenforceable because:
 1) another regulation, 24 C.F.R. § 24.100
precludes the participation in a federally assisted project of any entity that has been debarred or suspended under procurement procedures of the federal government; and
 2) the Request for Proposal issued by the Bridgeport Housing Authority specified that disclosures of all principles should be made, and the housing authority continued to refer applicants to handbooks requiring the § 200.218 disclosure even after the regulations were amended in the manner described above.
The first of these grounds has not been shown to be a matter of undisputed fact. The movants claim that a reprimand issued from the Connecticut Statewide Grievance Committee against plaintiff Patel when he was a practicing lawyer; however, they have not presented any affidavit or other submission that would establish that he or Capital Development Group, LLC was ever suspended, debarred or terminated from participating in federal projects. Accordingly, they have not made the requisite showing for the application of this regulation as a bar to the plaintiffs' claims.
The second ground seeks to render the alleged contract unenforceable not because it violated a statute or regulation or any important public policy interest recognized at common law, but because it allegedly failed to comply with a requirement of one of the contracting parties.
The Connecticut Supreme Court has stated that "[t]he principle that agreements contrary to public policy are void should be applied with caution and only in cases plainly within the reasons on which that doctrine rests; and it is the "general rule . . . that competent persons CT Page 7811 shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts.' Twin City Pipe Line Co. v. Harding Glass Co., 283 U.S. 353,356, 357 [(1931)]; 17 Am.Jur.2d, Contracts, § 174. The impropriety injurious to the interests of society which will relieve a party from the obligation he has assumed must be clear and certain before the contract will be found void and unenforceable." Collins v. Sears, Roebuck Co.,164 Conn. 369, 376-77 (1973), citing Thacher Hotel, Inc. v. Economos,160 Me. 22, 26, 197 A.2d 59; 5 Williston, Contracts § 1629A (Rev. Ed.); 17 Am.Jur.2d, Contracts, § 178. "[A]greements made in violation of public policy have been deemed unenforceable and `void." Blancato v.Feldspar Corp., 203 Conn. 34, 40 (1987), quoting Casanova Club v.Bisharat, 189 Conn. 591 (1983). The public policies that have been found to require the voiding of contracts that conflict with those policies are, for example, the policy of recognizing the inability of minors to enter into contracts (Blancato v. Feldspar, supra, 203 Conn. 34); the statutory policy against enforcing wagering contracts (Conn. Gen. Stat. § 52-553); the policy of not allowing a party to contract to relieve himself of liability for his own negligence (Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 413 (1982)); and various policies set forth in statutes (e.g., Barrett Builders v. Miller, 215 Conn. 316, 320-29
(1990) (regarding the Home Improvement Act, Conn. Gen. Stats §§20-418)).
If a defendant fails to show that the contract at issue "tends to impose any wrong, disadvantage or injury on the public or that it is prejudicial to the public good or in violation-of established public policy," enforcement of a proven contract will not be barred. Collins v.Sears, Roebuck Co., supra, 164 Conn. 377.
Before the amendment in August 1995 of the federal regulation originally relied on by the movants, it was public policy to require the disclosure of all participants in federally-assisted housing projects who had prior participation in such projects. The amendment that excluded public housing authority projects from the disclosure requirement signals a change in public policy. The defendants ask this court to rule that it was an important public policy to require such disclosure even in the face of the amendment of the federal regulations to exclude such a requirement. The loosening of the regulations by the cited amendment precludes such a construction. If the federal agency charged with oversight of federal projects exempted local housing authority projects from the requirement at issue, this court can hardly construe the very same requirement as a public policy so important as to require the voiding of an alleged contract.
Conclusion
CT Page 7812
The defendants have failed to demonstrate that undisputed facts establish that the contract alleged by the plaintiffs violated an important public policy and that it should therefore be declared unenforceable and void. The motion for summary judgment is denied.
Beverly J. Hodgson, Judge of the Superior Court.
CT Page 7813