[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT BANK BOSTON'S MOTION FOR SUMMARY JUDGMENT
On October 18, 2000, two weeks after the plaintiff filed its motion for summary judgment on liability, the defendant, BankBoston ("bank") filed cross motion for summary judgment asserting that the undisputed facts establish that it did not breach its contract with SCP Corporation ("SCP") in either of the ways claimed in the two counts of the complaint dated February 1, 2000.[1]
In the first count of the complaint, SCP claims that the bank breached a duty to use its best efforts to achieve judgment in a foreclosure CT Page 299 action so that SCP could acquire the bank's interest in the obligation after judgment had entered and between specified dates. In the second count, SCP claims that the bank breached the implied covenant of good faith and fair dealing with regard to its pursuit of the foreclosure action.
Standard of review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Sherwood v.Danbury Hospital, 252 Conn. 193, 201 (2000); Alvarez v. New HavenRegister, Inc., 249 Conn. 709, 714 (1999); Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24 (1999); Nichols v. LighthouseRestaurant, Inc., 246 Conn. 156, 163 (1998); Peerless Ins. Co. v.Gonzalez, 241 Conn. 476, 481 (1997).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982). CT Page 300
Claim that Agreement Does Not Require Use of Best Efforts
The bank asserts in its motion that it is entitled to judgment because the Sale and Assignment Agreement ("agreement") on which SCP bases its claims did not, by its terms, require it to use "best efforts" to achieve a judgment in its foreclosure case against obligors under a mortgage loan that SCP the agreement gave SCP an option to purchase. The agreement provides at paragraph 4 for pursuit of foreclosure, but at paragraph 19 it provides that the bank may abandon the foreclosure action. In its March 17, 1999, decision on the bank's motion to strike the complaint, this court reconciled these provisions as imposing a duty on the bank to use best efforts to achieve a judgment in the foreclosure case before March 31, 1993, if it chose to proceed with the foreclosure at all.
The bank's present argument concerning the content of paragraph 4 of the agreement does not persuade this court that its prior interpretation was incorrect. That provision states in pertinent part as follows:
 (b) the Assignor will use, to the extent of its legal and contractual ability, best efforts to (i) join Louis Evangelista and LE/SE Corp. as defendants in the Foreclosure Proceedings or any subsequent foreclosure or enforcement actions commenced by the Assignor in connection with the Claims and (ii) cause the "Law Day" of the Obligor in the Foreclosure Proceedings to occur no earlier than December 15, 1992. In addition, the Assignor will also agree to use best efforts to extend such Law Day upon the written request of the Assignee; provided, that in no event and under no circumstances shall such Law Day be extended beyond March 31, 1993. . . .
"Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Tallmadge Bros., Inc. v. Iroquois Gas Transmission System, L.P.,252 Conn. 479, 495 (2000); Levine v. Massey, 232 Conn. 272, 277 (1995);Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 158 (1991). Where, as in the instant case, the parties to the contract are sophisticated business entities, the Supreme Court has recognized a presumption of definitiveness in the words of the contract and has concluded that "the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract."Tallmadge Bros, Inc. v. Iroquois Gas Transmission System, L.P., supra,252 Conn. 498; Lawson v. Whitey's Frame Shop, 241 Conn. 678, 686 (1997). CT Page 301
It would be a strained reading of the words of the contract to conclude, as the bank urges, that it was obligated to use best efforts only with regard to the timing, but not with regard to obtaining the judgment, where the clear import of the agreement was that SCP should have the opportunity to purchase the loan after judgment had entered, and between December 15, 1992, and March 31, 1993, if that could be achieved by exercise of the bank's best efforts. Use of best efforts to conclude the foreclosure within the desired time frame is identified in the contract, at paragraph 4, as an inducement to SCP, and it cannot be read in a manner that would make it an illusory inducement, as would be the case if the provision on best efforts were read to relate only to the date of judgment, and not to attainment of judgment.
The bank has not attempted to demonstrate in connection with its motion that it used best efforts; rather, it claims summary judgment on the first count of the complaint on the ground, rejected by this court, that the agreement did not require it to use best efforts to achieve a judgment. The bank has not established that it is entitled to judgment as a matter of law on the first count of the operative complaint.
Breach of Duty of Good Faith and Fair Dealing
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Gupta v.New Britain General Hospital, 239 Conn. 574, 598 (1996); Habetz v.Condon, 224 Conn. 231, 238 (1992). In the second count of the operative complaint, SCP alleges that the bank breached this implied covenant in the manner in which it pursued the foreclosure action. The bank asserts that the contract did not impose an obligation on it to use its best efforts to conclude the foreclosure proceedings by March 31, 1993, and that an implied covenant of fair dealing cannot be used to impose on it a duty not set forth in the contract. Since the only basis advanced by the bank for summary judgment on the second count is the asserted conflict of that duty with the express terms of the contract, and since this court has rejected the bank's interpretation of the "best efforts" obligation, the bank has failed to establish entitlement to summary judgment.
Allegations Regarding Breach of Confidentiality
The bank notes that at paragraph 43 of both the first and second counts of its complaint, SCP alleges that "to the extent BankBoston, in connection with the offering of the Loan for sale, disclosed the Sale and Assignment Agreement to WHBB or other potential purchases, it violated paragraph 18 of the Sale and Assignment Agreement requiring CT Page 302 confidentiality." The bank observes that SCP has not, in this paragraph of the complaint or in any other paragraph, actually alleged that BankBoston disclosed any confidential information, but has veiled its statement in the hypothetical phrase, "to the extent," without alleging whether such conduct occurred to any extent whatever. The bank seeks imposition of summary judgment as the cure for this ambiguous pleading. That is not the procedure applicable to obtain compliance with the requirement of Practice Book § 10-1, which provides that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . .;" rather, the ambiguity and murkiness of this pleading should have been addressed by filing a request to revise. Practice Book § 10-35.
Conclusion
For the reasons set forth above, BankBoston's motion for summary judgment is denied.
Beverly Hodgson Judge of the Superior Court