[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF GLENN TUCKER
The plaintiff, Lisa Marie Esposito, coadministrator of the estate of Anthony Esposito, has made claims against several defendants arising from Anthony Esposito's death from injuries received at a car wash facility in Norwalk. The plaintiff alleges in her complaint that Glenn Tucker, doing business as Tucker Associates, designed the car wash facility in a negligent manner with regard to the specifications for proximity of moving machinery to abutting walls and to the door used for entry and exit and location of the reset/emergency buttons for the machinery.
The intervening plaintiff, the Connecticut Second Injury Fund, adopted the same allegations of negligence against defendant Tucker in its intervening complaint.
The movant, Glenn Tucker, has filed an affidavit stating that in August 1994 he was retained by an architect "to provide drawings and specifications for HVAC, plumbing and electrical service" for the facility at issue, but that his "agreement specifically excluded any work involving the installation of certain car wash equipment which was to be located within the service bay other than to provide power and water for the equipment." He states in his affidavit that he had nothing whatever to do with the location of the doorway between the service bay and the equipment room or the location of the emergency stop switch and that he never agreed to assume any responsibility for site safety during CT Page 7036 construction.
Neither the plaintiff nor the intervening plaintiff has filed any materials or brief in opposition to the motion, which was filed on March 19, 2001.
Standard for review
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book [§ 17-49]." Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999); Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997);
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v. Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
Discussion
The movant claims that he is not liable to the plaintiff or intervening plaintiff because he was not engaged in the conduct that is alleged to have been negligent and because of limitations placed on the liability of CT Page 7037 design professionals pursuant to Conn. Gen. Stat. § 31-293 (c).
The basis for alleging that defendant Tucker is liable is the allegation that he designed the facility and determined the location of the door into the area with moving machinery and the location of the reset switches at a location foreseeably reached through by passing through that entry. His affidavit states that he had no role in this part of the design, and that his role was limited to design of the power and water supply for the car wash bay.
The plaintiffs have filed no counteraffidavits or other materials to indicate the existence of a genuine issue of material fact concerning the scope of Tucker's work on the project.
Since the uncontroverted facts indicate that defendant Tucker did not design the features claimed to have caused Mr. Esposito's injury, judgment shall enter in his favor.
It is not necessary to decide whether Conn. Gen. Stat. § 31-293 (c) also entitles the movant to summary judgment.
Conclusion
Judgment shall enter in favor of defendant Glenn Tucker as to the claims of the plaintiff and the intervening plaintiff.
 Beverly J. Hodson Date Judge of the Superior Court