[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action to recover fees rendered as an attorney to the defendant. The defendant has filed a motion to dismiss the action on the ground that the court lacks jurisdiction over the person of the defendant. The defendant has filed an affidavit in support of her motion stating that she does not reside in the State of Connecticut, does not transact business in the State of Connecticut, and does not own real property located in the State of Connecticut.
The plaintiff has filed an affidavit stating that he is a member of the bar of the State of Connecticut, that he is licensed to practice law in the State of Connecticut, that he was hired by the defendant, in Connecticut, to render legal service on her behalf and that all the legal services were performed in the State of Connecticut.
Under General Statutes 52-59b, the court may exercise personal jurisdiction over a nonresident individual who "(T)ransacts any business within the state" as to a cause of action arising out of such an act. In the determination of the existence CT Page 2723 of personal jurisdiction, the court first addresses whether the statute authorizes the exercise of jurisdiction and, if so, whether the assertion of such jurisdiction would offend due process. Frazer v. McGowan, 198 Conn. 243, 246 (1986). The term "transacts any business" within the meaning of the statute embraces a single purposeful business transaction. Zartolas v. Nisenfeld, 184 Conn. 471,474 (1981).
In the present case, the defendant does not contest, at least by affidavit, that the contract was made in Connecticut and to be performed in Connecticut. The court, accordingly, holds, that an agreement made in Connecticut and to be performed in Connecticut constitutes a single purposeful business transaction sufficient to impose jurisdiction under our Long Arm Statute. See, MS/C Communications, Inc. v. Seena Hamilton et al,2 Conn. L. Rptr. 247, 248-249 (August 8, 1990) (Spear, J.).
A due process analysis requires an examination of whether a nonresident defendant in the foreign state has "certain minimum contacts. . . such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 16, 66, S.Ct. 154, 158, 90 L.Ed. 95 (1945). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." U.S. Trust Co. v. Bohart, 197 Conn. 34,41 (1985). The doctrine foreseeability is that the defendant's conduct in connection with the foreign state are such that he should reasonably anticipate being hailed into court in that state. World-Wide Volks Wagen Corp. v. Woodson, 444 U.S. 286, 297,100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). The court holds that the exercise in Connecticut and which was performed in Connecticut does not violate due process of law.
Accordingly, the motion to dismiss is denied.
RUSH, JUDGE