[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES
The plaintiffs, Prudential Insurance Company ("Prudential") and Aetna Casualty and Surety Company ("Aetna") have alleged the following facts in their two count Fifth Revised Complaint. In Count One, the plaintiffs allege that on or about December 1982 certain checks were drawn on the accounts of Prudential and Prudential's customers in which Prudential or the customers were the payees. Without the knowledge or authorization of Prudential or its customers, the checks were wrongfully and fraudulently endorsed, presented and negotiated by Robert T. Goldstein ("Goldstein"), at the Gateway Bank Inc., ("Gateway"). The plaintiffs further allege that due to the fraudulent endorsements, Gateway acquired no title to the checks and is obligated to pay the proceeds to the payee owners. The plaintiffs further allege that Prudential has compensated its customers and has become subrogated to their rights and that, by reason of the aforesaid, Prudential has suffered damages. In Count Two, the plaintiffs alleged that Aetna has paid Prudential, or its subsidiary, a portion of their losses as their insurer and has been assigned that portion of Prudential's claim. Aetna claims to be damaged to the extent of its assignment.
Gateway has filed fourteen special defenses to the complaint and plaintiff Prudential has moved to strike all fourteen defenses.
"Whenever any party wishes to contest. . .the legal sufficiency of . . . any special defense . . . that party may do so by filing a motion to strike . . . ." Practice Book 152. "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142
(1989). "In ruling on Motion to Strike, the court is limited to the facts alleged in the (pleading)." Gordon v. Bridgeport Housing CT Page 7563 Authority, 208 Conn. 161, 170 (1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108
(1985). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them, and if the facts provable under its allegations which support a defense or a cause of action, the motion to strike must fail." Id., 108-109.
The First and Second Special Defenses allege that Prudential and its customers, with reasonable care, should have discovered the unauthorized signature or alteration. Accordingly, the Special Defenses allege that the cause of action is barred by the Statute of Limitations contained in General Statutes 42a-4-406 which requires notification to be given within a reasonable period not exceeding fourteen calendar days. However, the statute on which the First and Second Special Defenses are based applies "when a bank sends its customers a statement of account." The "customer" for the purposes of General Statutes 42a-406 is defined as "any person having an account with a bank or for whom a bank has agreed to collect items and includes a bank carrying an account with another bank." General Statutes 42a-4-104(e). The Special Defenses do not allege a customer relationship between Prudential and Gateway or between the customers of Prudential and/or Gateway. Accordingly, the Special Defenses fail to allege facts necessary to establish the application of the Statute therein referred to and, accordingly, the Motion to Strike the First and Second Special Defenses is granted.
The Third, Fourth, Fifth and Sixth Special Defenses allege that Prudential and its customers were negligent failing to employ reasonable care in examining the accounts and thereby failed to discover the wrongful and fraudulent acts of Robert T. Goldstein in a timely manner. The allegations further assert that the conduct of Prudential and its customers substantially contributed to the loss. Prudential has moved to strike these defenses on the grounds that they are legally insufficient and that they do not apply to the acts alleged in the complaint. General Statutes 42a-3-406
provides as follows:
 "Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against the holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawees or payors business." CT Page 7564
Section 42a-3-406 "applies where the drawer is deemed negligent in permitting a situation to arise in which the wrongdoer forges an endorsement of the payee's name. Fidelity and Casualty Co. v. Constitution National Bank, 167 Conn. 478, 483-484 (1975). The Third, Fourth, Fifth and Sixth Special Defenses therefore assert a defense to the causes of action asserted by plaintiffs and accordingly, the Motion to Strike those Defenses is denied.
The Seventh Special Defense alleges that Prudential failed to properly supervise and monitor its agent and employee, Goldstein, and thereby failed to discover wrongful conduct which materially contributed to the loss. For the reasons set forth with respect to the Third, Fourth, Fifth and Sixth Special Defenses the Motion to Strike the Seventh Special Defense is denied.
The Eighth Special Defense alleges that Robert T. Goldstein was the duly authorized agent and employee of Prudential with apparent authority to act on the Prudential's behalf. The Eighth Special Defense is silent with respect to the specific facts giving rise to the claim of apparent authority. "The rules that govern the determination of apparent authority in an agent require an examination of the acts of the principal, rather than of the agent . . . `Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses' . . ." (Citations omitted) Norwalk v. Board of Labor Relations, 206 Conn. 449,451 (1988). "[T]he acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority." Lettieri v. American Savings Bank, 182 Conn. 1,8 (1980). The Eighth Special Defense sets forth a factual conclusion with respect to "apparent authority" but does not substantiate that conclusion with specific facts. Accordingly, the Motion to Strike the Eighth Special Defense is granted.
The Ninth and Tenth Special Defenses allege that Prudential and its customers failed to employ reasonable care in examining the books and records and are estopped from making the claims set forth in the complaint by reason of laches. There is no claim asserted in the Ninth and Tenth Special Defenses that the Prudential and its customers were aware of the situation at any particular time nor is there any claim of inexcusable delay. "Laches consists of two elements. First, there must have been an inexcusable delay, and, second, that delay must have prejudiced the defendant. Brock v. Cavanaugh, 1 Conn. App. 138, 140 (1984). While the conduct alleged in the Ninth and Tenth Special Defenses may provide a basis for a defense under other theories, there are insufficient allegations to CT Page 7565 establish a defense of laches. Accordingly, the Motion to Strike the Ninth and Tenth Special Defenses is granted.
The Eleventh Special Defense simply states that the plaintiff's complaint fails "to state a claim of legal sufficiency upon which relief can be granted." Facts which are consistent with the claims made in the complaint, but show, notwithstanding, that the plaintiff has no cause of action must be specially alleged. Practice Book 164. The defendant has merely pleaded a legal conclusion without facts stated to support that conclusion and accordingly, the Motion to Strike the Eleventh Special Defense is granted. 500 Blake Street v. Sonotrol Services of New Haven,4 CSCR 811, 812 (October 25, 1989) (Cretella, J.).
The Twelfth and Thirteenth Special Defenses allege that the plaintiffs' action is based upon a breach of contract and at no time was there a contract between the parties, and that there is no privity between the plaintiffs and the defendant with respect to such an alleged contract. The plaintiff has moved to strike the Twelfth and Thirteenth Special Defenses on the ground that they constitute simply an additional denial of paragraphs in the complaint. Paragraphs nine and ten of the Fifth Revised Complaint do allege the existence of a contract between Gateway and Prudential and between Gateway's and Prudential's customers. Although the pleading of such defenses may not be necessary, it is not a proper ground for a motion to strike. 500 Blake Street v. Sonitrol Services of New Haven, supra 812. The Motion to Strike the Twelfth and Thirteenth Defenses is denied.
The Fourteenth Special Defense alleges that the plaintiff's claims "are barred by the applicable Statute of Limitations." Practice Book 109A(a) requires that when a claim is made in a special defense that is grounded upon a statute, the statute shall be specifically identified by its number. The Supreme Court has upheld our Appellate Court's conclusion that Practice Book 109A(a) is directory rather than mandatory. Rowe v. Godou, 209 Conn. 273,275 (1988). Prudential concedes this conclusion but argues that, where there are numerous potential statutes that could be referred to, the failure to identify the statutes relied upon makes the pleading impossibly vague. Prudential is essentially arguing that the defendant has failed to allege any facts to support its claim. A Special Defense which provides no allegations as to essential elements is technically defective. County Federal Savings and Loan Association v. The Eastern Associates, 3 Conn. App. 582, 586
(1985). Since the Fourteenth Special Defense does not allege any facts to support the conclusions alleged, a Motion to Strike the Defense is hereby granted. The defendant, of course, may include the requisite facts in a substitute pleading pursuant to Practice Book 157. CT Page 7566
RUSH, J.