[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action against Diana Hatch seeking to recover the value of medical services provided to her. The plaintiff also instituted suit against her father, Raymond Hatch, (the defendant), asserting that he had made an oral agreement to be responsible for the value of the services provided to his daughter. The defendant has moved to dismiss the action asserting that he is a resident of the State of New York, and that the cause of action asserted does not arise out of the transaction of business within the meaning of General Statutes 52-59b and therefore, the court lacks in personam jurisdiction over him. An evidentiary hearing has been held with respect to the claims of the parties.
On July 6, 1991, Diana Hatch who was admitted to the plaintiff hospital and the defendant paid an initial deposit for treatment to be provided to his daughter. Prior to admission, the defendant asked a family friend, Mr. Bowman, to make some general inquiries with respect to the admissions policy of the plaintiff. Thereafter, on several occasions, Mr. Bowman had conversations with CT Page 8112 representatives of the plaintiff in which he made various statements with respect to the financial responsibility of the defendant. He also engaged in discussions with respect to a payment plan by which the defendant could pay for the services provided to his daughter. The defendant, however, denies that Mr. Bowman was authorized to make such statements or to commit the defendant to any payment plan there. The defendant testified that Mr. Bowman was not authorized to conduct negotiations on his behalf and that he (defendant) was not able to pay for the services that would be provided to the daughter who herself was an emancipated adult.
The determination of apparent authority of an agent requires an examination of the principal rather than of the acts of the agent. Norwalk v. Board of Labor Relations, 206 Conn. 449, 451, (1988). The court finds that there was no actual authority granted to Mr. Bowman to negotiate on behalf of the defendant and that insufficient facts to establish that Mr. Bowman had apparent authority to act for the defendant. Accordingly, the acts of Mr. Bowman cannot form a basis for the exercise of jurisdiction over the defendant.
At various times, the defendant was requested to sign a admission financial agreement obligating himself for the bills incurred by his daughter which he declined to do. On September 6, 1991, a meeting was held with Mr. and Mrs. Hatch and two representatives of the plaintiff. At that time, the daughter was still a patient in the plaintiff's facility. The parties are in dispute with respect to the events that transpired at that meeting. The defendant claims that he advised the plaintiff that he would not sign the financial responsibility form, and the plaintiff claiming that the defendant stated that he would discuss the matter with his attorney and would return a signed form after that discussion. The plaintiffs claim that the defendant acknowledged that he would be responsible for his daughter's bills and the defendant states that he did not. Plaintiff claims that at that meeting, a request was made for the sum of $5,000.00 and the defendant agreed to forward a post-dated check. The defendant claims that he indicated that he would help if he could, but that he could not be responsible for the bill. Shortly thereafter, the defendant did mail a post-dated check in the amount of $3,000.00 to the defendant with the provision that the check would not be deposited without his approval which was never given.
When jurisdiction is based on the application of our Long Arm CT Page 8113 Statute, the plaintiff has the burden of proof to establish the existence of jurisdiction. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). Under General Statutes 52-59b, the court may exercise personal jurisdiction over a nonresident individual who "[T]ransacts any business within the state" as to a cause of action arising out of such an act. In the determination of the existence of personal jurisdiction, the court first addresses whether the statute authorizes the exercise of jurisdiction and, if so, whether the assertion of such jurisdiction would offend due process. Frazer v. McGowan, 198 Conn. 243, 246 (1986). The term "transacts any business" within the meaning of the statute embraces a single purposeful business transaction. Zartolas v. Nisenfeld,184 Conn. 471, 474 (1981). While "a single purposeful business transaction" might be sufficient to confer jurisdiction, this court, courts do not apply a rigid forming of the balance considerations of public policy, common sense, and the chronology and geography of the relevant factors. Gaudio v. Gaudio, 23 Conn. App. 287,298 (1990). The fact that payment was to be made in Connecticut to a Connecticut resident, does not constitute the transaction of business. Savin v. Ranier, 898 F.2d 304, 307 (2nd Cir. 1980). Accordingly, the forwarding of a post-dated check after the September 6th meeting is insufficient to warrant the exercise of jurisdiction.
The visits made by the defendant to Connecticut were for the primary purpose of visiting his daughter. The court does not regard the discussions by the defendant in Connecticut as a negotiation of the terms of the contract sufficient to confer jurisdiction. See such cases as Harry Winston Inc., v. Waldfogel,292 F. Sup. 473 (S.D.N.Y. 1968); Iroquois Gas Corp., v. Collins,248 N.Y.S.2d 494 (1964).
In the present case, the court cannot find that there was an unequivocal agreement by the defendant to be responsible for the bills incurred by his daughter. Similarly, the court cannot find that there was a contract made in Connecticut and to be performed in Connecticut, would confer jurisdiction under our Long Arm Statute. See, Cramer v. Lupka, 7 CSCR 437 (April 13, 1992) (Rush, J.)
Accordingly, the court finds that the defendant did not transact business within the meaning of our Long Arm Statute and the Motion to Dismiss is therefore granted.
RUSH, J. CT Page 8114
Decision entered or accordance with the foregoing 9/7/93
All counsel notified 9/7/93.