[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
MOTION FOR SUMMARY JUDGMENT [105]
Plaintiff, Timothy H. Digan, was a probationary member of the police department of the defendant, City of Middletown. His probationary employment as a patrolman was terminated as of September 1, 2000.
This action was brought claiming the defendant city breached a written contract with plaintiff. The first count of the complaint sounds in contract; the second count promissory or municipal estoppel.
The key allegations of the first count are:
 "4. At that time, the defendant and the plaintiff entered into a written contract by the terms of which, among other things, the plaintiff agreed to work for the defendant as a probationary police officer and the defendant agreed to provide plaintiff with proper and adequate training to be a Middletown police officer.
"5. The said contract expressly provided that the said training would include: (a) daily, weekly and monthly reviews with the plaintiff, by designated Field Training Officers, of the plaintiff's performance so that areas of deficiency could be noted and corrected; (b) weekly submission of progress reports concerning the plaintiff by the Field Training Coordinator to the Captain in the Police Department, so that the plaintiff's progress could be tracked and monitored and any deficiencies noted and corrected; (c) weekly administration of standardized written CT Page 2899 tests to the plaintiff so that the plaintiff's progress could be tracked and monitored and any deficiencies noted and corrected.
 "6. The defendant breached its contract with the plaintiff by failing to perform any of the contracted conditions set forth in Paragraph 5 of this Complaint."
 Complaint, December 12, 2000, Count One, paras. 4-6.
Plaintiff has described his first count:
 "Rather, he alleges the existence of a written contract to provide a certain type and form of training which the defendant did not provide. His failure to successfully obtain permanent employment is alleged, not as a breach of that contract, but as damages for breach of the contract to provide training." Memorandum in Opposition to Motion for Summary Judgment, September 26, 2001, p. 3. [107]
The defendant city has moved for summary judgment. As to the first count, the city claims there was no contract between plaintiff and the city. According to the defendant, the city's common council has sole power to make or approve a valid contract with the city.
Connecticut law regarding the power of municipality to contract is clear.
"We begin our analysis with a review of several general principles regarding municipal charters and municipal corporations and their employees. It has been well established that a city's charter is the fountainhead of municipal powers. . . . The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. . . . Agents of a city, including [its commissions], have no source of authority beyond the charter. . . . In construing a city charter, the rules of statutory construction generally apply. (Citations omitted; internal quotation marks omitted.) Stamford Ridgeway Associates v. Board of Representatives, 214 Conn. 407, 423, 572 A.2d 951 (1990). CT Page 2900
 "The officer, body or board duly authorized must act [on] behalf of the municipality, otherwise a valid contract cannot be created. Generally the power to make contracts on behalf of the municipality rests in the council or governing body. . . . Generally, no officer or board, other than the common council, has power to bind the municipal corporation by contract, unless duly empowered by statute, the charter, or authority conferred by the common council, where the latter may so delegate its powers. . . ." 10 E. McQuillin, Municipal Corporations (3d Ed. Rev. 1990) Page 814 § 29.15, p. 315; see Keeney v. Old Saybrook, 237 Conn. 135, 145-46, 676 A.2d 795 (1996). It follows that agents of a city, including its commissions, have no source of authority beyond the charter. [T]heir powers are measured and limited by the express language in which authority is given or by the implication necessary to enable them to perform some duty cast upon them by express language. (Internal quotation marks omitted.) Perretta v. New Britain, 185 Conn. 88, 92-93, 440 A.2d 823 (1981).
 [A]ll who contract with a municipal corporation are charged with notice of the extent of . . . the powers of municipal officers and agents with whom they contract, and hence it follows that if the . . . agent had in fact no power to bind the municipality, there is no liability on the express contract. . . . Norwalk v. Board of Labor Relations, 206 Conn. 449, 452, 538 A.2d 694 (1988). Thus, every person who deals with [a municipal corporation] is bound to know the extent of its authority and the limitations of its powers. John J. Brennan Construction Corp., Inc. v. Shelton, 187 Conn. 695, 704, 448 A.2d 180 (1982); see Keeney v. Old Saybrook, supra, 149." [Internal quotation marks omitted. Fennell v. City of Hartford, 238 238 Conn. 809, 813-14 (1996).
Middletown's Charter provides in relevant part:
Section 4 Authority of the Common Council
". . . The common Council shall be the legislative body of the city. Said Council shall have the power, authority and duty by a majority vote of those members present and voting to review and approve all contracts CT Page 2901 which create a financial responsibility which have not previously been approved by the council through the budgetary process and authorize the Mayor to sign the same on behalf of the city." City of Middletown, CHARTER, Chapter III, The Common Council, pp. 7-8. Exhibit F. [105]
It is clear plaintiff's contract claim is based on the provisions of the Middletown Police Department Field Training and Evaluation Program Operating Manual. Exhibit E. [105] Transcript of Proceedings, October 1, 2001, pp. 7-8.
That manual, particularly pages 5 and 7 thereof, prescribes the training and monitoring plaintiff describes in his complaint.
That manual is not a contract between plaintiff and the city. Nor does it contain such a contract. It does not purport to have had common council approval as a contract.
The defendant's grounds for summary judgment as to the first count is based on the fact that no contract existed between plaintiff and the defendant because the common council, the only authority within the city with the power to contractually bind the city, had not approved any contract between the plaintiff and the city.
Plaintiff, in his brief, makes no mention of the city's claim. Memorandum in Opposition to Motion for Summary Judgment, September 26, 2001, pp. 5-6. [107] Plaintiff's ignoring the city's contention does not negate, or even weaken, the validity of the city's position. Rather, plaintiff's total failure to address the claim implies plaintiff recognizes its validity and cannot refute it.
The court holds that there is no written contract between the plaintiff and the city. Neither the Middletown Police Department Field Training and Evaluation Program Operating Manual, nor any of its provisions, were approved by the common council as a contract of the city.
Summary judgment for the defendant and against the plaintiff is granted on the first count.
In the second count, plaintiff's allegations largely track those of the first count. However, plaintiff also alleges he relied upon the defendant's promises as contained in the Field Training and Evaluation Program Operating Manual and accepted a probationary position with the police department. Complaint, December 12, 2000, Count Two, para. 5. CT Page 2902
As to the second count, defendant states: "Count Two appears to assert a breach of implied contract theory." Memorandum of Law in Support of Motion for Summary Judgment, August 29, 2001, p. 2. [105.50]
The court agrees that an implied contract theory as a cause of action here against the city would in all likelihood be unsuccessful. Fennellv. City of Hartford, 238 238 Conn. 809, 814-817 (1996).
Plaintiff asserts "the second count of his complaint does not allege the existence of an implied contract but, rather, alleges promissory estoppel." Memorandum in Opposition to Motion for Summary Judgment, September 26, 2001, p. 3. [197]
Fairly read, the second count does allege promissory or municipal estoppel.
Defendant has not addressed the estoppel claims. Since defendant has not made any mention of, let alone analysis of, the plaintiff's estoppel claim(s), summary judgment on the second count is unwarranted.
Summary judgment is granted on the first count; it is denied on the second court.
Parker, J.