[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#121)
Factual Background
The defendant entitles this motion a motion to dismiss and/or in the alternative a motion to strike. (The city of Norwalk through counsel is representing all the named defendants. Reference to the City of Norwalk or defendant will include all defendants). The court views this motion as a motion to strike and will analyze it accordingly. The defendant, city of Norwalk moves to strike the one count of the plaintiff, St. Thomas' third revised complaint, dated August 16, 2001. The complaint alleges that the defendant breached an oral contract to remove snow and/or ice from the plaintiff's parking lot. On December 10, 1995, Cindy Fraioli (Fraioli) slipped and fell in the plaintiff's parking lot. Fraioli brought a separate action for personal injuries (Docket No. CV97 0160994 S) against the plaintiff, which is still pending. In the separate action, the plaintiff was unsuccessful in its attempt to cite in the city of Norwalk seeking indemnification. In this case, the plaintiff seeks indemnification from the city of Norwalk for Fraioli's injuries which were allegedly caused by the city employees' breach of the snow removal contract.
The defendant cites several grounds in support of its motion and has briefed the issues. The grounds are as follows: (1) The court has no subject matter jurisdiction because of statute of limitation issues; (2) there is no subject matter jurisdiction because notice was defective; (3) no contract existed since city of Norwalk employees had no authority to bind the city on this matter; (4) governmental immunity bars the claim; (5) St. Thomas could not delegate its duty to the city. The plaintiff has submitted an objection and supporting memorandum in response to the defendant's motion.
Law
Only duly authorized municipal employees can bind a city to a contract. Fennell v. Hartford, 238 Conn. 809, 813, 681 A.2d 934 (1996). CT Page 5573
Discussion
The plaintiff is charged as a matter of law with knowledge of the mechanisms by which municipal employees can bind the city to their actions. John J. Brennan Construction Corporation, Inc. v. Shelton,187 Conn. 695, 704, 448 A.2d 180 (1982); Norwalk v. Board of LaborRelations, 206 Conn. 449, 451-52, 538 A.2d 694 (1988). The court notes that only those employees acting within the express authority of the city of Norwalk charter, specifically, §§ 1-189 and 1-226, can bind the city in a contract. Pursuant to the city of Norwalk charter, the employees named in the complaint could not bind the city in an oral or written contract. Furthermore, the plaintiff has failed to plead that these employees had the authority to bind the city. Therefore, the complaint as to the city of Norwalk is insufficient and is thereby stricken in its entirety.
The remaining grounds of the defendant's motion do not have to be addressed in light of the above decision.
Conclusion
The motion to strike the complaint is granted.
So Ordered.
 ___________________ JOHN R. DOWNEY SUPERIOR COURT JUDGE